Richard C. Roberts, Paducah, Ky., Goldstein & Price, Gary T. Sacks, John Halpern (argued), St. Louis, Mo., for plaintiff-appellant.

Steven L. Beshear, Atty. Gen. of Ky., David K. Martin, Asst. Atty. Gen. (argued), Frankfort, Ky., for defendant-appellee.

Before JONES and WELLFORD, Circuit Judges, and DeMASCIO *, District Judge.

**MARINE MANAGEMENT, INC.,**
**Plaintiff-Appellant,**

v.

**COMMONWEALTH OF KENTUCKY,**
**Defendant-Appellee.**

**No. 82–5301.**

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1983.

Decided Dec. 16, 1983.

PER CURIAM.

Appellant in this cause, Marine Management, Inc., appeals the district court's dismissal of its complaint. The complaint against appellee Commonwealth of Kentucky sought indemnity or contribution for damages appellant paid to Conticarriers and Terminals, Inc. for damage incurred by Conticarriers' barges in a collision with a

---

\* Honorable Robert E. DeMascio, United States District Court for the Eastern District of Michigan, sitting by designation.

bridge spanning the Ohio River owned by the State of Kentucky. The claim, characterized in the complaint as an admiralty and maritime claim, alleged negligence by the State of Kentucky.

Appellee Kentucky moved to dismiss the complaint, claiming immunity under the Eleventh Amendment to the United States Constitution. The district court granted the motion to dismiss, finding that Kentucky had not waived its immunity under the Eleventh Amendment by building a bridge across a navigable waterway that was governed by the Bridge Act of 1906, 33 U.S.C. § 491 *et seq.,* and the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq.* Marine Management now appeals the dismissal by the district court, arguing that Kentucky, by erecting the bridge, entered an area of federal domain and therefore constructively waived its immunity.

The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Amendment has been interpreted to preclude suit against a state by a citizen of that state, in addition to the express prohibition against suits by citizens of another state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). A state, however, may waive its immunity under the Eleventh Amendment. *Parden v. Terminal Railway Co.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).

Appellant Marine Management relies on *Parden v. Terminal Railway Co., supra,* in claiming a waiver of Kentucky's immunity under the Eleventh Amendment. In *Parden,* the State of Alabama operated a railroad in interstate commerce. The plaintiff had filed suit under the Federal Employers' Liability Act (FELA). The Court examined whether Congress, in enacting FELA, intended to subject a state to suit if it operated such a railroad. 377 U.S. at 187, 84 S.Ct. at 1210. The Court concluded that Con-

gress, by enacting FELA, authorized suit against a publicly owned railroad despite a state's claim of Eleventh Amendment immunity. It reasoned that, by adopting and ratifying the Commerce Clause, the states empowered Congress to create a right of action against interstate railroads; by enacting FELA, Congress conditioned the right to operate a railroad in interstate commerce upon amenability to suit in federal court; and by operating a railroad in interstate commerce, Alabama must be considered to have accepted that condition and thus consented to suit. 377 U.S. at 192, 84 S.Ct. at 1212. The Court explained that the result reached was in accord with the principle of federalism, stating that although Eleventh Amendment immunity is fully recognized, "when a State leaves the sphere that is exclusively its own and enters into activities subject to congressional regulation, it subjects itself to that regulation as fully as if it were a private person or corporation." 377 U.S. at 196, 84 S.Ct. at 1215.

Appellant seizes upon this rationale expressed in *Parden* and urges that because Kentucky entered an area subject to congressional regulation by erecting the bridge across a navigable river, it thereby constructively waived its immunity. *Parden* establishes, however, and later decisions reaffirm strongly, that the threshold question is whether Congress intended, by enacting the legislation at issue, to require the states to waive Eleventh Amendment immunity in order to engage in the activity regulated by the federal statute.

This principle is emphasized in the decision relied upon by the district court in the instant case, *Employees v. Missouri Public Health Dept.,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). In *Employees,* the Court considered whether Congress intended, in enacting the Fair Labor Standards Act (FLSA), to lift the states' Eleventh Amendment immunity. It found that the legislative history of the statute did not indicate that Congress "desired silently to deprive the States of an immunity they have long enjoyed under another part of the Constitution." 411 U.S. at 285, 93 S.Ct.

at 1618. Thus, the Court found that Congress did not condition the operation of a state hospital on the forfeiture of immunity from suit in a federal forum. It stated that it specifically declined to extend *Parden, supra,* to cover every exercise by Congress of its commerce power, where Congressional intent to lift the sovereignty of the states was not clear. 411 U.S. at 286–87, 93 S.Ct. at 1618–19. Subsequent Supreme Court decisions have emphasized that waiver of Eleventh Amendment immunity will be found only where stated by the most express language or by overwhelming implications from the text of the legislative history. *See Quern v. Jordan,* 440 U.S. 332, 343–45, 99 S.Ct. 1139, 1146–47, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974).

This court discussed waiver of Eleventh Amendment immunity in *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir.1982). In that case, the court found that Ohio had not waived its Eleventh Amendment immunity by virtue of its participation in the federal Medicaid program. 694 F.2d at 460. The court also found that Ohio had not waived its Eleventh Amendment immunity by the enactment of a state statute, since the state statute provided only that the state consented to be sued in a designated state court. *Id.* The decision in *Madeline* demonstrates that this court will not find a waiver of Eleventh Amendment immunity without a clear expression of intent to waive such immunity, as directed by the United States Supreme Court in *Employees, supra; Quern, supra,* and *Edelman, supra.*

Therefore, in the case at bar, it must be determined whether Congress intended a waiver of the states' Eleventh Amendment immunity when it enacted the Bridge Act of 1906. Appellant relies heavily on the decision of the Fourth Circuit in *Chesapeake Bay Bridge & Tunnel District v. Lauritzen,* 404 F.2d 1001, 1003 (4th Cir.1968).

In *Chesapeake Bay,* the court held that the State of Virginia "relinquished" its constitutional immunity by entering "an exclusive Federal realm—interstate and foreign commerce;" specifically, by building a bridge on navigable waters subject to the federal River and Harbors Act. 404 F.2d at 1003.

*Chesapeake Bay,* however, was decided prior to the Supreme Court's decision in *Employees, supra,* in which the Court specifically declined to extend *Parden, supra,* to cover every exercise by Congress of its commerce power, absent clearly expressed intent to lift state sovereignty. The majority of the circuits, in examining whether Congress intended a waiver of the Bridge Act of 1906, have concluded that the waiver requirements of *Employees, supra,* and *Edelman v. Jordan, supra,* have not been met when the state had merely constructed a bridge across navigable water. *See Riggle v. State of California,* 577 F.2d 579, 583–84 (9th Cir.1978); *Williamson Towing Co., Inc. v. State of Illinois,* 534 F.2d 758, 761–63 (7th Cir.1976); *Intracoastal Transportation, Inc. v. Decatur County, Georgia,* 482 F.2d 361, 363–67 (5th Cir.1973). *See also Red Star Towing & Transportation Co. v. Department of Transportation of New Jersey,* 423 F.2d 104, 105–06 (3d Cir.1970) (decided prior to *Employees* ).[1]

The Fifth Circuit observed in *Intracoastal Transportation, supra:*

Thus, the *Employees* decision added an additional requirement to the *Parden* test for determining whether a private party may successfully invoke a federal court's jurisdiction in his suit against a State. It is no longer sufficient merely to show that a State has entered a federally regulated sphere of activity and that a private cause of action is created for violating the applicable federal provision, but in addition the private litigant must show that Congress expressly provided that the

1. Compare, in another context (the Federal Extradition Act), the decision in *County of Monroe v. State of Florida,* 678 F.2d 1124, 1134 (2d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983).

private remedy is applicable to the States.

482 F.2d at 365 (footnote omitted).

The State of Kentucky properly asserted its Eleventh Amendment immunity in this case. Accordingly, the order of the district court dismissing appellant Marine Management's complaint for lack of jurisdiction is AFFIRMED.