**Richard BERNDT, Plaintiff-Appellant,**

v.

**STATE OF TENNESSEE and Lakeshore Mental Health Institute, Defendants-Appellees.**

**No. 84–5493.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 7, 1985.

Decided July 22, 1986.

Susan L. Kay, argued, Vanderbilt Legal Clinic, Vanderbilt Law School, Nashville, Tenn., for plaintiff-appellant.

W.J. Michael Cody, Atty. Gen., Nashville, Tenn., Kathleen A. Maloy, Robert Conley, argued, for defendants-appellees.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and PECK, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

This is the second time this case has reached us after the district court dismissed plaintiff's complaint in the pleading stage. The district court initially construed the complaint as a habeas corpus petition and dismissed for failure to exhaust state court remedies under 28 U.S.C. § 2254(b) (1982). In *Berndt v. State of Tennessee and Lakeshore Health Mental Institute,* 727 F.2d 1108 (6th Cir.1984),[1] we reversed the district court's dismissal because the pleadings also raised claims arising under 42 U.S.C. § 1983. Plaintiff now appeals the district court's dismissal of his § 1983

1. We normally disfavor citing to unpublished opinions of this court, *see* 6th Cir.R. 24(b), but the obvious import of the previous decision makes reference necessary.

claims on the ground that the defendants were immune from suit by the Eleventh Amendment. We agree with the district court that the named defendants were properly dismissed but we reverse and remand the judgment dismissing the entire complaint.

Plaintiff Richard Berndt filed his *pro se* complaint on June 17, 1983 against the State of Tennessee and one of its state supported institutions, Lakeshore Mental Health Institute (LMHI). He sought monetary damages for violations of his civil rights that allegedly occurred while he was being held in LMHI awaiting pre-trial testing presumably to determine if he was competent to stand trial on charges pending against him in state court. As summarized in our prior opinion, Berndt's complaint essentially charged the defendants with: "1) denying him of his right to seek access to the courts by denying him access to his counsel, papers, and notary seals, and by censoring his mail addressed to the courts; 2) failing to protect him from continuous abuse and assaults by the [Lakeshore] staff ... and from being repeatedly beaten by a certain patient named Bruce Cooper; 3) failing to provide adequate medical attention for his back and leg by purposefully withholding prescribed medication and medical attention ...; and 4) holding him in violation of his constitutional right to due process and equal protection."

This court held in its earlier opinion that due to the seriousness of these claims the district court erred in dismissing the complaint in the pleading stage. On remand, the defendants filed a motion to dismiss arguing that the Eleventh Amendment barred suit against the State or one of its entities. Consequently, the district court granted the motion and dismissed the action in its entirety. From the record, it appears that Berndt never responded to the motion.

## I.

We find no error in the district court's dismissal of the named defendants

from this action. The Supreme Court has affirmed repeatedly that the Eleventh Amendment bars suits in federal court against a state unless the state expressly consents to suit. *See Atascadero State Hospital v. Scanlon*, —— U.S. ——, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985); *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1350–51, 39 L.Ed.2d 662 (1974); *Accord Marine Management, Inc. v. Commonwealth of Kentucky*, 723 F.2d 13, 14 (6th Cir.1983). This sovereign immunity also extends to any suit brought by a private party where the payment of liability must be made from public funds in the state treasury, regardless of the actual party being sued. *Edelman*, 415 U.S. at 663, 94 S.Ct. at 1355–56; *Hall v. Medical College of Ohio*, 742 F.2d 299, 301 (6th Cir. 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985). The Court also held in *Edelman* and reaffirmed in subsequent opinions that Congress did not intend to abrogate a state's sovereign immunity in suits for monetary liability with the promulgation of § 1983. *Edelman*, 415 U.S. at 677, 94 S.Ct. at 1362; *Quern v. Jordan*, 440 U.S. 332, 340–45, 99 S.Ct. 1139, 1144–47, 59 L.Ed.2d 358 (1979).

Applying those principles in this case there is no basis upon which a suit against these defendants can stand. The State of Tennessee has not consented to any such suit expressly or by implication. We are persuaded that section 20–13–102(a) of the Tennessee Code, which expressly prohibits any suits in state court against the state or where state treasury funds are potentially involved, also extends impliedly to suits brought in federal court. *See Tenn. Code Ann.* § 20–13–102(a) (1980). As defendant Lakeshore is created and managed by the Tennessee State Department of Mental Health and Mental Retardation, *Tenn. Code Ann.* § 33–2–101(a)(1) (1984), any liability assessed against it would be paid from the state treasury and, as such, it is a state entity given Eleventh Amendment protection from suit. *See Pennhurst v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Thus, the dis-

trict court properly dismissed Berndt's complaint with respect to the two named defendants.

## II.

■ Berndt contends, alternatively, that the case should not have been dismissed because the complaint, although defective in naming the proper defendants, in substance, alleged that certain unnamed individuals had violated his rights. The Eleventh Amendment does not bar suits for money damages brought against state officials in their individual capacities when they are alleged to have violated federal law. *Banas v. Dempsey*, 742 F.2d 277, 284 n. 10 (6th Cir.1984), *aff'd, Green v. Mansour*, — U.S. —, 106 S.Ct. 423, 88 L.Ed.2d 933 (1985). In his brief before this court Berndt listed the following excerpts from his complaint as examples:

> his habeas corpus rights had been denied "wilfully [sic] knowingly by the *staff* of the Lakeshore Mental Health Institute,"
>
> he had been assaulted and choked by another mental patient, and that "the *staff* does not protect plaintiff, or other patients from this force of violence,"
>
> treatment previously prescribed for the plaintiff was denied "by Lakeshore Mental Health Institute and *staff*,"
>
> the "refusal to allow plaintiff his prescribed medication by these *authorities* has caused the plaintiff pain and suffering,"
>
> repeated requests to see an orthopedic specialist were denied "by the *authorities* of Tennessee and now Lakeshore Mental Health Institute,"
>
> he was "harassed and woke up constantly by the late night *staff*,"

(Emphasis added).

He also alleged in the introductory paragraph of his complaint that he was "being held and deprived of his liberty by *authorities* of the Lakeshore Mental Health Institute ..." In addition, he stated that he was seeking "judicial redress for this outright denial of a constitutional right by said *staff* of Lakeshore Mental Health Institute." As we read the complaint, the staff

and authorities of the institution are the real parties-defendants in this case.

This issue would be much simpler to resolve had Berndt requested a leave to amend the complaint to name other defendants and been denied. But Berndt never requested the district court for leave to amend nor did he respond to the motion to dismiss. There is currently no rule of law in this circuit that requires the district court to give *sua sponte* a *pro se* plaintiff leave to amend his complaint absent a request. The Fifth Circuit has, however, remanded a case to permit *pro se* plaintiffs to amend their complaint and change the parties-defendants to the action. In *Wilger v. Department of Pensions and Security for the State of Alabama*, 593 F.2d 12 (5th Cir.1979), the district court had dismissed the complaint on Eleventh Amendment grounds and there is no indication in the appellate court opinion that the plaintiffs ever filed for leave to amend to change defendants. *Id.* at 13. The appellate court reasoned that since the dismissal was not based upon the merits and the allegations in the complaint indicated that there were individuals who may have been amenable to suit in federal court, the plaintiffs should be allowed a reasonable opportunity to amend the complaint and add other parties-defendants to the action. *Id.*

The seriousness of the claims in this case compels us to apply the rationale of the Fifth Circuit here. This court has already ruled that Berndt raised substantially cognizable claims in his complaint. It would be a miscarriage of justice to preclude this *pro se* plaintiff from seeking redress for his alleged injuries on a procedural defect, particularly when the complaint, in substance, clearly indicates that the staff and authorities of LMHI are the real parties-defendants. *Cf. Myers v. United States*, 636 F.2d 166, 169 (6th Cir.1981) (Pleadings should be construed to do substantial justice when drafted by *pro se* plaintiffs). This case is, therefore, remanded to permit Berndt to amend his complaint to change

the parties-defendants.[2] We express no opinion on whether a remand will be appropriate in every conceivable instance where a *pro se* complainant fails to request for leave to amend, but we feel that a case, such as this, where the claims are of such a serious nature demands that the complaint be closely scrutinized by the district court before it is dismissed in the pleading stage of litigation.

## III.

■ We now turn to a question not raised on this appeal, but which will no doubt be considered on remand. Although we direct a remand with instructions to permit Berndt to amend, a potential problem remains with respect to the statute of limitations applicable to this action. In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Tennessee's limitations period for actions brought under federal civil rights statutes or for personal injuries is one year. *Tenn. Code Ann.* § 28–3–104(a) (1980). Berndt alleged that the § 1983 violations occurred on or about May 26, 1983. The complaint was filed three weeks later on June 17, 1983. Facially, it appears that Berndt would now be barred from amending the complaint to include different defendants unless the statute of limitations was somehow tolled with the filing of the complaint.

Federal Rule of Civil Procedure 15(c) provides that an amendment changing parties relates back to the original filing date of the complaint under certain circumstances. Those circumstances are expressly set forth within the text of the rule:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*

(Emphasis added). Looking to the first criterion of the rule, any claim against a new defendant in this case will probably arise out of the same conduct, transaction, or occurrence of the original complaint. The more problematic inquiries will be (1) whether the new defendants received notice of the action prior to the expiration of the limitations period so that they will not be prejudiced "in maintaining a defense on the merits" and (2) whether the new defendants knew or should have known that, "but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." *Ringrose v. Engelberg Hiller Co., Inc.*, 692 F.2d 403, 405 (6th Cir.1982). These are the determinations to be made by the district court in the first instance.

■ Since this case is not in a posture where we can make the Rule 15(c) determination, we raise this for the edification of the district court. This circuit has not, as yet, given full dress treatment to the ques-

---

**2.** Berndt also contends that the district court should have *sua sponte* appointed counsel pursuant to 28 U.S.C. § 1915(d) (1982). Berndt did not request the court to appoint counsel. He cites no authority which requires a district court to appoint counsel to a civil *pro se* litigant absent a request. In fact, the appointment of counsel is solely a discretionary matter for the district court even if a request is made. *See*

*Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir.), *cert. denied*, 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983). Although we feel there may be situations where the district court should *sua sponte* appoint counsel, we decline to rule on this issue in light of our decision to remand to allow Berndt to amend the complaint.

tion, so we look to other courts addressing the issue. *See, e.g., Eakins v. Reed,* 710 F.2d 184, 187–88 (4th Cir.1983); *Kirk v. Cronvich,* 629 F.2d 404, 407–08 (5th Cir. 1980); *Huron Valley Hospital, Inc. v. City of Pontiac,* 612 F.Supp. 654, 658 & n. 5 (E.D.Mich.1985). We believe that Rule 15(c) does not require that the new defendants received actual notice. *See Kirk,* 629 F.2d at 407. It is enough that the new defendants received constructive notice of the suit. *Seber v. Daniels Transfer Co.,* 618 F.Supp. 1311, 1314 (W.D.Pa.1985) (Company officers had constructive notice through suit against company). Under some circumstances, notice can also be imputed to a new defendant. *See Kirk,* 629 F.2d at 408 (Notice imputed to new defendants through attorney representing original defendants). Even more pertinent to this case, where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice.[3] *Cf. Huron Valley Hospital,* 612 F.Supp. at 658. All that we add concerning the inquiry of whether the new defendants knew or should have known that the suit should have been brought against them is that it is a patently factual inquiry and left to the district court. We also emphasize that although the above are appropriate considerations for the district court, they are only guides.

As we indicated above, we can not as a reviewing court dictate prematurely how the principles should be applied if Berndt chooses to request leave to amend the complaint. The district court must determine and weigh factors, such as, what positions the new defendants held in the employ of LMHI and what role the new defendants played in receiving notice of and responding to the original complaint. But we emphasize again, this is by no means an exhaustive list of the factors to be considered.

The district court judgment is therefore AFFIRMED with respect to the dismissal of the named defendants from the action and REMANDED with instructions to allow Berndt a reasonable opportunity to amend in line with the considerations set forth in this opinion.

---

**3.** We also note the Supreme Court's recent opinion in *Schiavone v. Fortune,* —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), where the Court declined to adopt the "identity of interest" exception to satisfy the notice requirement of Rule 15(c). That case, however, is factually distinguishable from the case we have before us. The Court in *Schiavone* was deciding a case where neither the original party nor the defendant sought to be added in the amended complaint received sufficient notice within the prescribed limitations period.