817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward G. WILSON, Plaintiff-Appellant,
v.
George WILSON, et al., Defendants-Appellees.
 No. 86-5665.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. This pro se Kentucky state prisoner appeals the dismissal of his Sec. 1983 complaint for failure to state a claim. After an examination of the record and briefs, the panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff alleged that his parole was illegally revoked because he was not given notice that the Parole Board was considering evidence of a new conviction. The defendants filed a motion to dismiss and the plaintiff responded. The district court granted the motion without comment and dismissed the case with prejudice.
 
 
 4
 The district court's dismissal was proper. Only the Kentucky Parole Board has the authority to grant or deny parole or conduct parole revocation hearings. None of the named defendants are members or staff of the Parole Board. Rather, each of them holds a position in or under the Kentucky Corrections Cabinet. Thus, none of these defendants has the authority to revoke parole or to conduct revocation hearings. Therefore, the plaintiff has failed to state a claim against these defendants.
 
 
 5
 The plaintiff claims he was charged with a curfew violation, and not charged with receiving a new conviction. However, the plaintiff does not deny that he received a new conviction, he merely claims that he lacked notice that the Parole Board was considering the conviction. Contrary to the plaintiff's claim, the record indicates that he had actual notice that the Parole Board was considering the new charge weeks, if not months, before the final parole revocation hearing. Therefore, the plaintiff's claim is meritless. Under the circumstances, it not necessary for this Court to remand the case to allow him to amend his complaint and substitute the proper defendants. Berndt v. State of Tennessee, 796 F.2d 879, 882 (6th Cir. 1986).
 
 
 6
 For the foregoing reasons, the district court's order of dismissal is affirmed pursuant to Rule 9(b), Rules of the Sixth Circuit.