826 F.2d 1065
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward RITCHIE, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 Nos. 86-1756, 86-1833.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1987.
 
 Before BOYCE F. MARTIN, NATHANIEL R. JONES, and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff seeks review of an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Upon examination of the record and the briefs submitted by the parties, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, currently incarcerated at the Jackson State Prison in Jackson, Michigan, sought injunctive relief and monetary damages based upon alleged denial of adequate medical care. Upon examination of the complaint and defendant's motion to dismiss, the district court concluded that the case should be dismissed with prejudice because the State of Michigan was immune from suit for damages under the eleventh amendment.
 
 
 3
 Upon review, we conclude that the district court did not err in deciding that the Michigan Department of Corrections was immune from suit under the eleventh amendment. However, the district court did err in failing to allow plaintiff an opportunity to amend his complaint to add the correct parties-defendants. Berndt v. State of Tennessee, 769 F.2d 879 (6th Cir.1986).
 
 
 4
 We agree with the district court that the Michigan Department of Corrections is immune from suit under the eleventh amendment. The Supreme Court has repeatedly affirmed that the eleventh amendment bars suit against a state in federal court unless the state expressly consents to suit. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Marine Management, Inc. v. Commonwealth of Kentucky, 723 F.2d 13, 14 (6th Cir.1983). However, the district court's judgment must be vacated and the case remanded pursuant to the precedent that this court set in Berndt, 796 F.2d 879 (6th Cir.1986).
 
 
 5
 The complaint, although defective in naming the proper defendants, raises claims against individual staff and doctors. The eleventh amendment does not bar suits for monetary damages brought against state officials in their official capacities when they are alleged to have violated federal law or constitutional rights. Banas v. Dempsey, 742 F.2d 277, 284 (6th Cir.1984), aff'd, Green v. Mansour, 474 U.S. 64 (1985).
 
 
 6
 Because plaintiff asserted cognizable claims and the correct parties can be discerned from his complaint, this case is remanded for an opportunity to amend. We affirm the district court's dismissal of the Michigan Department of Corrections under the eleventh amendment, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. The district court's judgment is hereby vacated and the case remanded for an opportunity to amend the complaint if a proper claim may be stated against other defendants. Rule 9(b)(6), Rules of the Sixth Circuit.