870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Chester RIBLET, Plaintiff-Appellant,
v.
W.C. SEABOLD, Defendant-Appellee.
 No. 88-6010.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Kentucky prisoner seeks appointment of counsel in his appeal from the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights suit.
 
 
 4
 Seeking compensatory damages, Riblet alleged that his eighth amendment right to be free from cruel and unusual punishment was violated when prison guards entered his cell and beat him, causing severe bodily injury. The complaint named the warden, Seabold, as the only defendant.
 
 
 5
 The defendant filed an answer to the complaint, and also moved for dismissal on the basis that the plaintiff failed to state a claim against the named defendant, in that Seabold was not personally involved in the alleged violation, nor could he be held liable under a theory of respondeat superior. Riblet failed to answer the motion to dismiss, nor did he move to amend his complaint. The district court granted the motion, and the suit was dismissed.
 
 
 6
 Upon review, we conclude that Seabold was properly dismissed as a defendant in the suit. However, Riblet raised a facially valid eighth amendment claim, and the proper parties-defendants, i.e., the offending guards, are readily discernable from the pleadings. Under these circumstances, where a plaintiff alleges a serious claim yet sues the wrong defendant, the action should not be dismissed on that basis, even when the plaintiff failed to file a motion to amend or respond to the motion to dismiss. See Berndt v. Tennessee, 796 F.2d 879, 882 (6th Cir.1986).
 
 
 7
 Accordingly, the judgment of the district court is affirmed in part as to the dismissal of Seabold, Rule 9(b)(5), Rules of the Sixth Circuit; yet it is also vacated in part and the case is hereby remanded to the district court to allow the plaintiff the opportunity to amend his complaint to name the proper defendants. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation