875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin BUCHANAN, Plaintiff-Appellant,
v.
George W. WILSON, and/or, John T. Wigginton, Secretary
Corrections Cabinet, Defendants-Appellees.
 No. 88-6386.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Calvin Buchanan moves for a complete reversal of the district court's judgment dismissing his complaint filed under 42 U.S.C. Sec. 1983. Buchanan sued the former and present secretaries of the Kentucky Corrections Cabinet. He claimed that Corrections Cabinet employees violated his constitutional rights prior to and during an Adjustment Committee proceeding. Buchanan requested damages and injunctive relief. He also filed motions for a temporary restraining order, a preliminary injunction, and a permanent injunction. After reviewing the defendants' motion to dismiss, the magistrate's report and recommendation, and plaintiff's objections, the district court dismissed the complaint sua sponte with prejudice as to the named defendants, but without prejudice to his right to refile against the proper parties upon exhaustion of his state court remedies. The court decided that Buchanan did not establish that he was entitled to the temporary restraining order and injunctions, that the defendants were not liable under respondeat superior, and that Buchanan failed to exhaust his state court remedies before challenging the disciplinary proceedings. Buchanan raised the same arguments on appeal.
 
 
 3
 Upon consideration, we affirm the district court's judgment to the extent that the court dismissed Buchanan's claims seeking declaratory relief. In effect, Buchanan challenged the fact or duration of his confinement by seeking restoration of the good time credits he lost following the disciplinary proceeding. Thus, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Before Buchanan can challenge his prison disciplinary proceeding, he must first exhaust his available state court remedies. Preiser, 411 U.S. at 482.
 
 
 4
 However, the district court's judgment must be vacated to the extent that Buchanan sought damages. Preiser expressly contemplated that claims properly brought under 42 U.S.C. Sec. 1983 could go forward while actual restoration of good-time credits is sought in state proceedings. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Buchanan's damages claim was properly before the district court and requires determination of the validity of the procedures employed for imposing sanctions including loss of good time for flagrant or serious misconduct. Furthermore, Buchanan adequately alleged a constitutional claim. Since the correct parties (the disciplinary committee members) can be discerned from the pleadings, the district court incorrectly dismissed Buchanan's complaint for suing the wrong parties. See Berndt v. State of Tenn., 796 F.2d 879 (6th Cir.1986).
 
 
 5
 For these reasons, the motion for complete reversal of the district court's judgment is hereby denied, and so much of the district court's judgment that dismisses Buchanan's claims for declaratory relief is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. However, that portion of the district court's judgment that dismissed Buchanan's claim for damages is vacated and the case is hereby remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.