902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irma D. PARMES, Plaintiff-Appellant,
v.
Steve CONRAD, Registrar-At-Large, Hamilton County Election
Commission; Carolyn Jackson, Deputy Registrar,
Hamilton County Election Commission,
Defendants-Appellees,
Gary Gerbitz, Hamilton County District Attorney General;
H.Q. Evatt, Hamilton County Sheriff; Gary Farmer, Deputy,
Hamilton County Democratic Party; Paul Smith, Chairman,
Hamilton County Democratic Party, Defendants.
 No. 89-5946.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and JULIAN A. COOK, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Irma D. Parmes, a pro se Tennessee litigant, appeals the district court's order granting the defendants' motion for summary judgment with respect to her claims brought pursuant to 42 U.S.C. Sec. 1983. Additionally, plaintiff requests the appointment of counsel.
 
 
 4
 Plaintiff filed a complaint in the District Court for the Eastern District of Tennessee which alleged claims based on defamation, harassment, conspiracy, and false arrest. Plaintiff alleged that the Hamilton County District Attorney General conspired with the other defendants to cause the Hamilton County Grand Jury to falsely indict and arrest her for violating Tenn.Code Ann. Sec. 2-10-109(b)(1) and (2). She further alleged that the Hamilton County Sheriff directed the arrest and that the Deputy of the Hamilton County Democratic Party became a part of the conspiracy when he made the actual arrest. Plaintiff's complaint against the remaining defendants alleged that these defendants, through discriminatory practices, denied her the opportunity to work as an official worker, inspector, or poll watcher during the elections on November 8, 1988; August 4, 1988; March 8, 1988; April 6, 1987; December 11, 1987; November 4, 1986; August 7, 1986; May 4, 1986; and March 17, 1987.
 
 
 5
 The district court granted the District Attorney General's motion for summary judgment on January 20, 1989, on the basis that the allegations of conspiracy and false arrest were time-barred. The court also dismissed the Hamilton County Sheriff, Deputy of the Democratic Party, and Chairman of the Democratic Party at the same time and on the same ground. On May 9, 1989, the district court entered summary judgment in favor of the remaining defendants. The court subsequently denied plaintiff's motions for reconsideration. This appeal followed.
 
 
 6
 Upon consideration, we conclude that the district court properly granted summary judgment to the defendants because plaintiff's complaint was time-barred. See Tenn.Code Ann. Sec. 28-3-104; Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). Accordingly, the request for appointed counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation