14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 FIRSTTRUST MONEY SERVICES, INC., Plaintiff-Appellant,
v.
Elaine A. McREYNOLDS, Commissioner, Department of Commerce
and Insurance, State of Tennessee; Kenneth McLellan,
Assistant Commissioner, Division of Securities, Department
of Commerce and Insurance; Pat DePaulo, Defendants-Appellees.
 No. 93-5717.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 Before: BOGGS and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Firsttrust Money Services, Inc. (Firsttrust), a Tennessee corporation, appeals a district court order dismissing its civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, neither party has requested oral argument. Hence, oral argument is waived in this case.
 
 
 2
 Seeking injunctive and monetary relief, Firsttrust filed the instant action on December 8, 1992, against the Commissioner of the Tennessee Department of Commerce and Insurance ("the Department"), the Assistant Commissioner in the Division of Securities, and an investigator for the Department, alleging that defendants deprived it of certain property rights in violation of the Fifth and Fourteenth Amendments. According to the complaint, the Department issued an order of investigation, pursuant to Tenn.Code Ann. Sec. 48-2-118(a)(2), on September 6, 1990, less than a year after the Department dismissed, with prejudice, an administrative complaint against Firsttrust. The defendants did not exercise any power or authority under the order of investigation until May 14, 1992. On that date, the defendants allegedly appeared at Firsttrust's offices to conduct an investigation pursuant to the order. Firsttrust alleged that the order of investigation was invalid and violated its due process rights because it failed to give notice of the basis for the investigation, was stale, and was an abuse of power. Firsttrust also asserted state laws claims for interference with business interests and business defamation.
 
 
 3
 The defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court determined that the complaint was time-barred and dismissed the action in a memorandum opinion and order entered April 12, 1993.
 
 
 4
 Upon review, we conclude that the district court properly dismissed the complaint as time-barred. In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court directed federal courts to apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. Sec. 1983. The one-year statute of limitations period contained in Tenn.Code Ann. Sec. 28-3-104(a) is traditionally the limitations period applied to civil rights claims which arise from Tennessee. See e.g., Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986).
 
 
 5
 In Sec. 1983 actions, federal law governs when a cause of action accrues. Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 183 (6th Cir.1990). This court has held that a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through reasonable diligence." Sevier, 742 F.2d at 273.
 
 
 6
 When a plaintiff alleges a continuing violation of his rights in an attempt to toll the statute of limitations, this court looks at what event should have alerted the average lay person to take steps to protect his rights. Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989). See also Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ., 926 F.2d 505, 510-11 (6th Cir.) (discriminatory working conditions found to be continuing violation), cert. denied, 111 S.Ct. 2917 (1991); Dixon v. Anderson, 928 F.2d 212, 216-18 (6th Cir.1991) (detailed discussion of the two categories of continuing violations).
 
 
 7
 As correctly pointed out by the district court, the focal act out of which all the allegations in the complaint grew was the issuance of the allegedly invalid order of investigation on September 6, 1990. It was at that time that Firsttrust should have taken steps to protect its rights. The other acts complained of either preceded the issuance of the order of investigation or were continuing effects of it. See Dixon, 928 F.2d at 218. Because more than two years have elapsed between the time Firsttrust's cause of action accrued and the time Firsttrust filed this action, the claims were barred by the statute of limitations. Moreover, Firsttrust presents no sufficient reason to toll the running of the statute of limitations.
 
 
 8
 For the foregoing reasons, the April 12, 1993, order dismissing the complaint as time-barred is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.