IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, March 24, 2004

# NELSON KEITH FOSTER v. STATE OF TENNESSEE

**Direct Appeal from the Chancery Court for Sullivan County**
**No. C0016445     Hon. Richard E. Ladd, Chancellor**

**FILED APRIL 14, 2004**

**No. E2003-02740-COA-R3-CV**

Plaintiff's civil rights action against an Assistant District Attorney for prosecutorial misconduct was dismissed by the Chancellor. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J.,  and D. MICHAEL SWINEY, J., joined.

Nelson Keith Foster, Whiteville, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Tiffany Baker Cox, Assistant Attorney General, Nashville, Tennessee, for Appellee.

**OPINION**

Plaintiff filed an action styled "Motion for Declaratory Judgment", naming several parties as defendants, which essentially was a civil rights action based on 42 U.S.C. § 1983. According to the Complaint, plaintiff was declared an habitual traffic offender on September 9, 1994. As to the appellee, Robert Montgomery, the Complaint alleged "that the respondent, Robert Montgomery, Assistant District Attorney, committed prosecutorial misconduct" by the way and manner he prosecuted that action against plaintiff.

Appellee filed a Motion to Dismiss pursuant to Tenn. R. Civ. P. Rule 12.02(1) setting

forth that appellee was immune under the doctrine of sovereign immunity for his initiating and pursuing the criminal prosecution against plaintiff, and that the statute of limitations barred the plaintiff's action.

The Trial Court dismissed the action on the grounds that the action was barred by the doctrine of sovereign immunity as to Robert Montgomery, and expressly pretermitted the statute of limitations defense. Plaintiff on appeal raises these issues:

   (1)  whether any grant of absolute immunity, from civil liability, is available to prosecutors for constitutional violations committed in the initiating of a civil proceeding;

   (2)  whether the Chancery Court applied the proper standard, in holding that appellee-respondent Robert Montgomery had absolute immunity from civil liability, for the acts and functions performed in initiating and pursuing a civil proceeding.

The State's brief sets forth the issues raised by plaintiff, and in addition raises whether the statute of limitation bars appellant's claim, and whether appellant may collaterally attack his underlying criminal conviction in a lawsuit for civil rights violations.[1]

Plaintiff's Complaint shows on its face that he was declared an habitual traffic offender on September 9, 1994, and in October 1988 was sentenced to three consecutive three-year sentences for violating the habitual traffic offender status. This Complaint was not filed until November 22, 2002, eight years after having been declared as an habitual traffic offender, and four years after being sentenced for violating his habitual traffic offender status.

The dispositive issue on appeal is whether this action is barred by the one-year statute of limitations.

According to federal and state law, "[I]n all actions brought under 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied." *Berndt v. State of Tennessee and Lakeshore Mental Health Institute*, 796 F.2d 879-883 (6th Cir. 1986); *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 1947 85 L.Ed. 254 (1985). In this State, the statute of limitations for civil rights actions is one year. Tenn. Code Ann. § 28-104(a). We affirm the Trial Court's Judgment because plaintiff's action is time-barred.

---

[1]Essentially, plaintiff argues there was no probable cause to support his 1992 conviction, which was later used as a basis to declare him an habitual traffic offender. Thus he argues no probable cause to prosecute is the basis for prosecutorial misconduct on the part of the appellee. For background see *State v. Foster*, 2002 WL 181359 (Tenn. Crim. App.)

In our discretion, we pretermit discussion of the issue of prosecutorial immunity, since this action is time-barred.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Nelson Keith Foster.

_____
HERSCHEL PICKENS FRANKS, J.