NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0506n.06
Filed: August 19, 2008

No. 07-6336

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EDWARD D. PORTER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GEORGE H. BROWN, JR., et al., | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MARTIN, ROGERS, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Edward Porter filed this § 1983 action (and several state-law claims) against George Brown, Jr., his two business partners and their company for injuries arising from a business dispute. The district court dismissed the federal claims as untimely and declined to exercise supplemental jurisdiction over Porter's state-law claims. We affirm.

I.

Porter is the owner and president of Memphis Chemical Janitorial Supply, Inc., a Tennessee corporation that sells chemical and janitorial supplies. In 2000, Porter decided to sell the company's assets, and three individuals offered to buy the assets through the yet-to-be-formed 3Bs Company

LLC. The three individuals were George H. Brown, Jr. (Brown), a former Tennessee Supreme Court Justice and then Circuit Court Judge for Shelby County, Tennessee, George Brown, III (Brown's son) and Charles Barnes.

On November 1, 2000, 3Bs and its members entered into an asset purchase agreement with Memphis Chemical as well as a consulting agreement with Porter, by which he agreed to work as a consultant for 3Bs for six months. The consulting agreement required Porter to work 30 hours per week, to serve on 3Bs' advisory board and to "work in good faith and in cooperation with [3Bs] to maintain existing customers and pursue other customers." JA 128. In exchange, 3Bs agreed to pay Porter a salary and 10% of the gross sales over $500,000 per year, up to $37,500 annually, for 2001–2003.

After Porter completed his consulting obligations, Brown asked him to perform some public relations work for 3Bs. Porter refused, and Brown allegedly told him that he would not be paid the participation money to which he was entitled unless he performed the public relations work.

On October 27, 2006, Porter filed this complaint in federal district court. As amended, the complaint alleged that 3Bs and its members violated § 1983 by engaging in a civil conspiracy "to use George H. Brown, Jr.'s position, status, and office as a sitting Circuit Court Judge . . . (1) to deprive [Porter] of his right to contract for the sale of Memphis Chemical's assets, and for his personal employment, without unlawful state interference; (2) to coerce [Porter], against his will, to do public relations work for 3Bs Company; and (3) to deny [Porter] a public trial in [a related

state-court action]." JA 139. The amended complaint also raised state-law claims for breach of contract, breach of the covenant of good faith and intentional infliction of emotional distress. The district court granted the defendants' motion to dismiss Porter's § 1983 claims under Civil Rule 12(b)(6) and declined to exercise supplemental jurisdiction over his state-law claims.

II.

A.

Porter's appeal raises one question: Did the district court err in determining that Tennessee's one-year statute of limitations for personal tort actions applies to these § 1983 claims? As Porter sees things, the district court committed reversible error by failing to apply Tennessee's three-year statute of limitations for property tort actions. *See* Tenn. Code Ann. § 28-3-105. We disagree.

In the first place, Porter did not raise this argument—or mention this statute—in the district court. A federal appellate court generally will not consider arguments presented for the first time on appeal, *see Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008), and Porter offers no basis for deviating from that rule here.

In its motion to dismiss Porter's amended complaint, 3Bs argued that a one-year statute of limitations, *see* Tenn. Code Ann. § 28-3-104, barred Porter's § 1983 claims. That statute provides that actions for "injuries to the person" as well as "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" shall be commenced "within one

(1) year after the cause of action accrued." *Id*. § 28-3-104(a)(1), (3). In responding to the motion, Porter did not argue that a different statute of limitations applied, and, with the exception of contending that a "continuing conspiracy" exists, JA 280, Porter made no reference to 3Bs' argument about the one-year limitations bar. Under these circumstances, Porter has waived the argument.

But even if Porter had not waived the argument, his appeal still would not get off the ground. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985). And our precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a). *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). The district court thus correctly concluded that the one-year limitations period applied.

In resisting this conclusion, Porter says that his complaint concerns a "demand to be compensated for his personal consulting services," Br. at 14, and thus that the three-year limitations period for *property* tort actions, *see* Tenn. Code Ann. § 28-3-105, applies to such a claim as well as to "common law actions for inducement of breach of contract [and] unlawful interference with a business and employment," Br. at 14. But the Supreme Court has already stuck a dagger in this theory, "expressly reject[ing] the proposition that the limitations period for a § 1983 claim depends on the nature of the underlying right being asserted." *City of Rancho Palos Verdes v. Abrams*, 544

U.S. 113, 124 (2005). Were it otherwise, the Court has explained, the courts would be filled with collateral litigation over the appropriate limitations period for virtually every § 1983 action:

> If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.

*Wilson*, 471 U.S. at 273–75. Instead, all § 1983 constitutional claims generally are subject to the statute of limitations for personal injury torts under the law of the State in which the claim arises—no matter how the plaintiff chooses to characterize the underlying harm. *See Rancho Palos Verdes*, 544 U.S. at 124 & n.5; *Wilson*, 471 U.S. at 271–76.

One final note. Porter argues for the first time in his reply brief that the "gravamen[] of [his] Amended Complaint is that Appellees are engaged in a continuing civil conspiracy to prevent his payment of participation money," Reply Br. at 3, thereby attempting to argue that the limitations period (whether one year or three) has not even started to run. But the district court rejected this argument, and Porter did not challenge this aspect of the court's opinion in his opening brief. That precludes him from raising it now. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). The argument, at any rate, is a weak one because it confuses the existence of an already completed tort with the ongoing *damages* caused by that tort.

No. 07-6336
*Porter v. Brown, et al.*

B.

The closest issue in the case is whether Porter's appellate arguments are so frivolous that he should be sanctioned. We think not because, while Porter had few legitimate bases for filing this appeal, we had not applied the one-State, one-limitations-period concept in the setting of an alleged Tennessee-based property tort. But as a point of caution, Porter's counsel, Willie James Ellison, would do well to pick his appeals and appellate arguments more carefully in the future.

III.

For these reasons, we affirm.