# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 8, 2011

## MACK T. TRANSOU v. STATE OF TENNESSEE, WARDEN RICKY BELL

**Appeal from the Chancery Court for Davidson County**
**No. 09544-II      Carol L. McCoy, Chancellor**

---

**No. M2010-00652-COA-R3-CV - Filed December 21, 2011**

---

This is an appeal from the dismissal of a Petition for Writ of Common Law Certiorari or in the Alternative Petition for Declaratory Judgment filed by a former inmate of the Tennessee Department of Correction. The petition alleges that several agencies or individuals who were not named defendants in the petition imposed two allegedly "illegal" sentences upon him, thus, violating his civil rights. The sentences expired in 1999 and 2000, respectively. The petition was filed in 2009. The pertinent statute of limitations is a one-year statute. Thus, the petition is time barred and the dismissal of the petition on that ground is affirmed. We have also determined the issues are moot.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Mack Transou, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General, and Jennifer L. Brenner, Office of the Attorney General, for the appellee, State of Tennessee, Warden Ricky Bell.

# MEMORANDUM OPINION[1]

In his Petition, Mack T. Transou is seeking review of "two illegal terms of confinement in the Department of Correction on 'void probation infraction violations.'"[2] The two sentences at issue expired in 1999 and 2000, respectively; nevertheless, Mr. Transou is incarcerated because he is serving another sentence, one that is not related to the two sentences at issue in this appeal.

The trial court dismissed the petition as time barred by the applicable one-year statute of limitations and we find no error with the dismissal. Mr. Transou alleged that his constitutional rights were violated by, "state officials withholding the earned pretrial jail credits to the sentence in the 1999 and 2000 events to the offense of Case No. 97-572." Tennessee has a one-year limitations period for civil rights actions. *See* Tenn. Code Ann. § 28-3-104(a)(3) (2004); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000) (citing *Berndt v. Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986)). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Courts apply a common-sense approach to this task, inquiring as "to what event should have alerted the typical lay person to protect his or her rights." *Id.* (citing *Hughes*, 215 F.3d at 548) (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)). Therefore, Mr. Transou had one year after his claim accrued in which to file his petition. *See Berndt*, 796 F.2d at 883. At the very latest, Mr. Transou would have known of his alleged injury when the last of the two sentences at issue expired in 2000. However, he did not file this action until 2009, much more than one year after the statute of limitation expired for both claims. Therefore, the trial court correctly ruled that the Petition was barred by the one-year statute of limitations.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]In the Petition, Mr. Transou makes allegations against several agencies or individuals who were not sued and, thus, are not parties to the petition. These non-parties include the Madison County trial court that presided over his sentencing, the Madison County Jail, and other state officials.

We have also determined that Mr. Transou's appeal is moot because it has lost its character as a present, live controversy. The dispositive question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). An appeal is moot if it no longer serves as a means to provide relief to the prevailing party. *Id*. Mr. Transou has already completed the sentences that he complains are illegal. The fact that he is now serving an unrelated sentence does not mitigate the mootness of the issue as it pertains to the two sentences that have been fully served.

### In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the petitioner Mack T. Transou.

_____
FRANK G. CLEMENT, JR., JUDGE