NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0617n.06

No. 18-5353

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CURTIS LONG,

      Plaintiff-Appellant,

v.

STATE OF TENNESSEE,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

**FILED**
Dec 13, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

Before: NORRIS, STRANCH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Curtis Long sued the State of Tennessee in federal court under 42 U.S.C. § 1983, challenging the constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. § 40-39-201 *et seq*. Long also challenged this law in state court. The federal district court concluded that Long's state court proceeding warranted abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and so dismissed Long's complaint without prejudice. Long timely appealed. Because Long named only the State of Tennessee as a defendant, however, sovereign immunity precludes his suit, and we lack jurisdiction to address the district court's disposition of the *Younger* question. Nevertheless, we vacate and remand for further proceedings.

The Eleventh Amendment generally "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)).

Tennessee argues—for the first time on appeal—that the Eleventh Amendment bars Long's suit against the state. Tennessee has not forfeited the argument by failing to raise it below, however, because sovereign immunity "is a true jurisdictional bar" and not an affirmative defense. *Id.* We review Tennessee's entitlement to sovereign immunity de novo. *Babcock v. Michigan*, 812 F.3d 531, 533 (6th Cir. 2016).

There are three exceptions to sovereign immunity's jurisdictional bar, none of them applicable here. First, a state may consent to suit. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). But Tennessee law provides that "[n]o court in the state shall have any power, jurisdiction or authority to entertain any suit against the state." Tenn. Code Ann. § 20-13-102. Tennessee plainly has not consented to Long's constitutional challenge, and Long does not suggest otherwise. Second, Congress has limited authority to abrogate a state's sovereign immunity in the exercise of its Fourteenth Amendment enforcement power. *See Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000). But the Supreme Court has held that § 1983, the vehicle for Long's suit, does not allow claims directly against a state. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (affirming "that a State is not a person within the meaning of § 1983"). Third, under the *Ex parte Young* exception, "a federal court may, without violating the Eleventh Amendment, issue a prospective injunction against a state officer to end a continuing violation of federal law." *Price v. Medicaid Dir.*, 838 F.3d 739, 746–47 (6th Cir. 2016) (citing *Ex parte Young*, 209 U.S. 123, 159 (1908)). Although Long seeks only prospective relief, his failure to allege an official-capacity claim against a state official prevents him from availing himself of the *Ex parte Young* exception. *Cf. Russell*, 784 F.3d at 1046–47.

Long argues that he was prejudiced by Tennessee's failure to raise this issue earlier and that this court should remand to the district court to allow him the opportunity to amend his

complaint and substitute in the director of the Tennessee Bureau of Investigation as an official-capacity defendant. We have allowed such remands in the past. *See Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986) (remanding for district court to allow plaintiff a reasonable opportunity to amend his complaint to substitute a proper defendant). And we agree to do so here.

Accordingly, we VACATE the district court's judgment and REMAND with instructions to dismiss Tennessee as a defendant but to allow Long a reasonable opportunity to amend his complaint to substitute an appropriate state official as the defendant.[1]

---

[1] In doing so, we do not comment on the merits of the *Younger* question or on whether Long's putative amendment would relate back under Federal Rule of Civil Procedure 15(c).