915 F.2d 1571
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Webb DEWBERRY, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 90-1044.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1990.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Jack Webb Dewberry, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, Dewberry sued the Michigan Department of Corrections, alleging various eighth amendment violations. Over Dewberry's objections, the district court adopted the magistrate's report and recommendation and dismissed the complaint as failing to state a claim under 42 U.S.C. Sec. 1983. Dewberry filed a timely appeal. In his brief, he requests appointment of counsel and a free transcript at government expense.
 
 
 4
 Upon review, we conclude that the district court improperly denied Dewberry's request to amend his complaint. Dewberry's letter filed on November 22, 1989, can be interpreted as a motion to amend the complaint, as well as objections to the magistrate's report and recommendation. As Dewberry has adequately alleged a serious claim and yet sued the wrong party, the district court should not have dismissed the action on this basis. See Berndt v. Tennessee, 796 F.2d 879, 882-83 (6th Cir.1986); see also Foman v. Davis, 371 U.S. 178, 182 (1962). While it is not clear from the letter whether Dewberry would meet the pleading requirements of Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989), the district court should have permitted Dewberry the opportunity to amend the complaint.
 
 
 5
 Accordingly, we hereby deny the requests for counsel and a free transcript, vacate the district court's judgment for these reasons and remand the case for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation