862 F.2d 316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon Scott HOBBS, Plaintiff-Appellant,
v.
Stanley A. SPEAL; Joseph H. Johnson, Jr. Mental Health
Center, Incorporated; Rosalie Shields; Robert
Callahan, Dr. Defendants-Appellees.
 No. 88-5428.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1988.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and CHARLES R. SIMPSON*, III, District Judge.
 
 ORDER
 
 2
 This pro se Tennessee state prisoner appeals the District Court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, plaintiff sued the defendant mental health care professionals alleging that their erroneous psychiatric evaluations led to his being unlawfully convicted of murder and attempted murder. Plaintiff argued that the defendants committed malpractice by finding him competent to stand trial when he was in fact criminally insane at the time of the offense and at trial. The District Court granted the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) finding that plaintiff's suit was time-barred under Tennessee's one-year statute of limitations.
 
 
 4
 Upon review, we affirm the district court's judgment. Plaintiff's suit was filed well beyond the applicable one-year statute of limitations. See Tenn.Code Ann. Sec. 28-3-104(a). The psychiatric evaluations in question took place between August and November, 1980, but plaintiff's complaint was not filed until November 20, 1987.
 
 
 5
 The defendants asserted that the suit was time-barred. Hobbs has responded that the statute should not be construed as having run against him because his mental incompetence had prevented him from discovering the defendants' malpractice until sometime during the year 1987. This Court finds that the question of the plaintiff's competence has already been reviewed on the merits by the United States District Court for the Eastern District of Tennessee, Southern Division. See Gordon Scott Hobbs vs. Michael Dutton, CIV-1-86-067, Memorandum entered August 14, 1987. In that opinion, the District Court reviewed the trial record, the reports of psychological examinations of petitioner Hobbs, certain test results bearing on his mental age and condition, and Hobbs' "new evidence" that he acted under the influence of passion and under provocation at the time of the commission of the crime. The Court stated that "the gravamen of petitioner's three claims is his insistence that he did not have the requisite mental state necessary to be convicted of murder in the first degree or of assault with intent to commit murder in the first degree." Memorandum at p. 2. The Court noted that the same contentions were raised by the petitioner in post-conviction proceedings before the Court of Criminal Appeals of Tennessee in 1983, and were found to have no merit. The Court in Hobbs vs. Dutton dismissed the pro se petition for writ of habeas corpus, finding that the petition was without merit. Hobbs brought that dismissal before this Court. The application for certificate of probable cause was denied. Gordon Scott Hobbs vs. Michael Dutton, CA-87 = 6014.
 
 
 6
 In the pro se civil rights action currently before us, the District Court noted that the allegations made by Hobbs are virtually the same claims raised by petitioner in his previous actions. Hobbs argues that the one-year statute of limitations should be tolled due to his mental incompetence; however, a review of all psychiatric data, including that information which Hobbs himself asserts shows "incompetence", did not reveal to the District Court any infirmity. The matter was addressed on the merits in Hobbs' previous habeas corpus action, and will not be reviewed again by this Court. He has failed to present any information which has not already been reviewed and considered. The Court finds, therefore, that the plaintiff's suit was time-barred as it was not filed until nearly six years after his cause of action accrued. The statute of limitations was not tolled under the circumstances of this case for any reason.
 
 
 7
 Accordingly, the District Court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 THE HONORABLE CHARLES R. SIMPSON, III, United States District Court for the Western District of Kentucky, sitting by designation