919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon Scott HOBBS, Plaintiff-Appellant,
v.
Stanley A. SPEAL, Joseph M. Johnson Mental Health Center,
Inc., Rosalie Shields, Robert Callahan, Dr.,
Defendants-Appellees.
 No. 90-5028.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Gordon Scott Hobbs, a pro se Tennessee prisoner, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Hobbs sued the defendant mental health care professionals alleging, in effect, that they committed malpractice and perjury and that these acts violated his rights under Tennessee law and the United States Constitution. In January 1981, Hobbs was convicted by a jury of first degree murder and attempted first degree murder and was given concurrent life sentences. Hobbs alleged that the defendants prepared a report finding him to be mentally retarded, and afterwards prepared another, supposedly contradictory, report finding him to be legally sane and competent to stand trial. In addition, Hobbs argued that his claim should not be time-barred because he is under a disability.
 
 
 3
 The district court sua sponte dismissed Hobbs's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). On appeal, Hobbs repeats his claim against the defendants and raises a new issue regarding his attorneys' failure to produce lay witnesses in his behalf.
 
 
 4
 We shall affirm the district court's judgment because Hobbs's complaint lacks an arguable basis in law. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 5
 Initially, the issue regarding the lay witnesses is not a claim against these defendants and was not initially raised in the district court. Thus, that argument is not reviewable. Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 6
 Hobbs's claim is barred by the doctrine of res judicata. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). Hobbs has previously filed a complaint in which he raised the same claim against the same defendants. A panel of this court affirmed the district court's dismissal of that complaint. Hobbs v. Speal, No. 88-5428 (6th Cir.Unpublished Order of Nov. 15, 1988). We also concluded that Hobbs's suit was time-barred under the applicable statute of limitations.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.