919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon Scott HOBBS, Plaintiff-Appellant,
v.
William R. HECK, Rodney C. Strong, Defendants-Appellees.
 No. 90-5029.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Gordon Scott Hobbs, a pro se Tennessee prisoner, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Hobbs sued the attorneys who represented him at his criminal trial. In January 1981, Hobbs was convicted by a jury of first degree murder and attempted first degree murder and was given concurrent life sentences. Hobbs alleged that the defendants committed malpractice by conspiring with the state's attorneys and mental health expert to conceal fraudulently from the jury his insanity and incompetency to stand trial. Hobbs further alleged that this act of conspiracy deprived him of his rights under Tennessee law and the United States Constitution. Hobbs's theory is based on his belief that a report showing him to be mentally retarded is equivalent to a finding that he is insane.
 
 
 3
 The district court sua sponte dismissed Hobbs's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). On appeal, Hobbs continues to argue the merits of his claim. He also raises a new argument to support his malpractice claim by alleging that the defendants failed to utilize a crime of passion defense.
 
 
 4
 We shall affirm the district court's judgment because Hobbs's complaint lacks an arguable basis in law. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 5
 Hobbs's complaint is barred by Tennessee's one-year statute of limitations applied to personal injury actions. Tenn.Code.Ann. Sec. 28-3-104(a); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). Further, the defendants were not acting under color of state law as required under section 1983. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir.1988).
 
 
 6
 Accordingly, the judgment is affirmed for the reasons stated by the district court in its memorandum opinion filed November 2, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.