IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1999 SESSION

FILED

January 4, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| GORDON SCOTT HOBBS, | ) | |
| | ) | C.C.A. No. 03C01-9908-CR-00317 |
| Appellant, | ) | |
| | ) | Bledsoe County |
| v. | ) | |
| | ) | Honorable Thomas W. Graham, Judge |
| JAMES BOWLEN, Warden, | ) | |
| and STATE OF TENNESSEE, | ) | (Habeas Corpus) |
| | ) | |
| Appellees. | ) | |

For Appellant:

Gordon Scott Hobbs, *pro se*
#94583
Route 4, Box 600
Pikeville, TN 37367

For Appellees:

Michael E. Moore
Solicitor General

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

James W. Pope, III
Assistant District Attorney General
375 Church Street
Dayton, TN 37321

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

**O P I N I O N**

The petitioner, Gordon S. Hobbs, was convicted on January 28, 1981, in the Hamilton County Circuit Court of first degree murder and assault with intent to commit first degree murder and sentenced to two life sentences to be served consecutively. This court affirmed the convictions and sentences on November 12, 1981, and our supreme court denied permission to appeal on February 22, 1982. The petitioner filed a petition for writ of habeas corpus in the Bledsoe County Circuit Court in 1999, claiming that he had been incompetent to stand trial in 1981. The trial court dismissed the petition without appointment of counsel or a hearing on the matter, and the petitioner timely appealed. Based upon our review, we affirm the judgment of the trial court.

This petitioner appears to have made a cottage industry of filing post-conviction petitions, this being at least his ninth. Based upon the fact that he continues to raise variations upon the same complaints, it does not appear that any of these petitions have resulted in relief of any sort. A listing of the previous petitions is as follows: Gordon Scott Hobbs v. State, No. 03C01-9803-CR-00089, 1998 WL 667867 (Tenn. Crim. App., Knoxville, Sept. 23, 1998), perm. app. denied (Tenn. 1999) (claim of ineffective assistance of counsel because of failure to introduce evidence of Vietnam stress disorder, explosive disorder, and major depression); Gordon Scott Hobbs v. State, No. 03C01-9303-00071, 1995 WL 39349 (Tenn. Crim. App., Knoxville, Feb. 2, 1995) (ineffective assistance of counsel because he was not advised whether to accept a proposed negotiated plea agreement); Gordon Scott Hobbs v. State, No. 03C01-9303-CR-00071, 1993 WL 539494 (Tenn. Crim. App., Knoxville, Dec. 22, 1993), perm. app. denied (Tenn. 1994) (ineffective assistance of counsel because he was not advised whether to accept a proposed negotiated plea agreement); Gordon Scott Hobbs v. State, No. 03C01-9106-CR-00178, 1992 WL 77657(Tenn. Crim. App., Knoxville, April 20, 1992), perm. app. denied (Tenn. 1992) (claim, *inter alia*, that he was insane at the time of his trial);Gordon Scott Hobbs v. State, No. 919 (Tenn. Crim. App., Knoxville, Aug. 6, 1985); Gordon Scott Hobbs v. State, No. ___ (Tenn. Crim. App., Knoxville, Nov. 12, 1981), perm. app. denied (Tenn. 1982).

Apparently, he has also filed in the United States District Court for the Eastern District of Tennessee at least two petitions for the writ of habeas corpus and at least three 42 U.S.C. § 1983 civil rights actions. Relief was denied in all cases. Hobbs v. Speal, No. 90-5028, 1990 WL 193113 (6th Cir. Dec. 9, 1990)(affirming district court dismissal of 42 U.S.C. § 1983 action against mental health care professionals who evaluated Hobbs before his trial); Hobbs v. Heck, No. 90-5029, 1990 WL 193143 (6th Cir. Dec. 9, 1990) (affirming district court dismissal of 42 U.S.C. § 1983 action against Hobbs's trial attorneys); Hobbs v. Speal, No. 88-5428, 1988 WL 121251 (6th Cir. Nov. 15, 1988) (affirming district court's dismissal of 42 U.S.C. § 1983 action against mental health care professionals who evaluated Hobbs before his trial and also citing earlier district court decision, Gordon Scott Hobbs v. Michael Dutton, Civ-1-86-067 (E.D. Tenn. Aug. 14, 1987) (mem.), which reviewed issue of competency at trial on the merits); Gordon Scott Hobbs v. Howard Carlton, No. Civ-1-89-269, (E.D. Tenn. Oct. 12, 1989), aff'd, No. 90-5030 (6th Cir. May 3, 1990) (denial of federal habeas corpus petition cited in Gordon Scott Hobbs v. State, No. 03C01-9106-CR-00178, 1993 WL 539494 (Tenn. Crim. App., Knoxville, Dec. 22, 1993)); Hobbs v. Dutton, No. 87-6014, 1988 WL 18153 (E.D. Tenn. Mar. 3, 1988) (dismissing petition for writ of habeas corpus claiming ineffective assistance of counsel, improper jury instructions, and suppressed evidence).

A writ of habeas corpus will properly lie only when it appears on the face of the judgments about which the petitioner complains, the convictions are void or the term of his imprisonment has expired. Tenn. Code Ann. § 29-21-101 (1980); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.), perm. app. denied (Tenn. 1994). The petitioner has the burden of establishing by a preponderance of the evidence that the judgment is void or his term of imprisonment has expired. Passarella, 891 S.W.2d at 627. The trial court may summarily dismiss the petition if it fails to state a cognizable claim. No hearing or other inquiry into the allegations in the petition is required. Id.

No evidence exists in the record to show the petitioner's judgments of conviction are void. In fact, the judgments themselves are not a part of the record. Nor does the record

contain evidence indicating the petitioner's sentences have expired. The petitioner's case has been reviewed on direct appeal and on other previous petitions for post-conviction relief at least nine times. The trial court was correct in denying the petition for it fails to state a cognizable claim. Even if the trial court had considered the petition for habeas corpus as a petition for post-conviction relief, the petition would have been time barred and barred as a subsequent petition. See Tenn. Code Ann. § 40-30-202 (1997). Nothing before us warrants reversal of the trial court's denial of relief.

Based upon our review of this matter, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JOE H. WALKER, III, SPECIAL JUDGE

4