68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eldred Lonnie REID, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Tennessee Department of Corrections,
Defendants-Appellees.
 No. 94-6199.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1995.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and COOK, District Judge.*
 
 ORDER
 
 2
 Eldred Lonnie Reid appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 The case was initially brought by a group of Tennessee prisoners who alleged, inter alia, that they were denied access to the courts because they did not have adequate access to prison law libraries and legal assistance. The prisoners sought prospective injunctive relief to cure these alleged deficiencies. On August 26, 1994, the district court dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d), after finding that the defendants were immune from suit under the Eleventh Amendment. It is from this judgment that Reid now appeals. He has filed a motion for miscellaneous relief similar to the equitable relief that was sought in the complaint.
 
 
 4
 A complaint may be dismissed as frivolous under Sec. 1915(d), if it relies on an indisputably meritless legal theory or on a factual scenario that is fantastic or delusional. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Such a complaint may be dismissed without service of process because it "lacks an arguable basis either in law or in fact." Id. at 325. The dismissal of a case under Sec. 1915(d) is reviewed for an abuse of discretion on appeal. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). The district court did not abuse its discretion here.
 
 
 5
 The court properly found that Reid's claims were barred by the Eleventh Amendment. Unless expressly waived, a state and its agencies are immune from claims for damages and injunctive relief that are brought in the federal courts. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam). Tennessee has not waived this immunity. Berndt v. Tennessee, 796 F.2d 879, 881 (6th Cir. 1986). Moreover, Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 & n.11 (1984).
 
 
 6
 Section 1983 does not abrogate Eleventh Amendment immunity. Berndt, 796 F.2d at 881. Furthermore, the defendants here are not "persons" who may be sued under that section without their consent. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-70 (1989). Thus, the complaint was properly dismissed under Sec. 1915(d), as Reid's claims for injunctive relief lack an arguable basis in law. See Neitzke, 490 U.S. at 327.
 
 
 7
 Accordingly, Reid's motion for miscellaneous relief is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation