**Ira L. MILES, Plaintiff–Appellant,**

v.

**Joseph DAILEY, Judge; State of Tennessee, Defendants–Appellees.**

**No. 02–5772.**

United States Court of Appeals, Sixth Circuit.

Oct. 28, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.*

---

\* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Ira L. Miles, a Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking over three million dollars, Miles filed a complaint against Joseph Dailey, a state criminal court judge, and the state of Tennessee. Miles alleged that, after criminal proceedings held before Judge Dailey, he was convicted and sentenced to prison for an unspecified crime. According to Miles, he did not have an opportunity to enter a plea to the charged crime prior to his conviction. Miles alleged that he "liked to been kill [*sic*]" while in prison as a result of his conviction and sentence.

The district court summarily dismissed Miles's complaint for frivolity and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). Miles has filed a timely appeal.

We review de novo a judgment dismissing a suit as frivolous and for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate

only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

Upon review, we conclude that the district court properly dismissed Miles's complaint because it is frivolous and fails to state a claim for relief. First, Miles's claim against Dailey for monetary damages is barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Second, Miles's claim against the state of Tennessee for monetary damages is barred by Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ala. v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir.1986).

Third, even if the defendants were subject to § 1983 liability, Miles has no right to relief since his claims essentially challenge the legality of his conviction and confinement. Claims which challenge the validity of a state conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the criminal conviction or sentence in state court "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Miles does not contend that his state conviction was reversed, overturned, or questioned by either a Ten-

nessee state court or a federal habeas corpus decision.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.