**Valentino VALENTINO, also known as Valentino Young, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Commissioner, Tennessee Department of Correction, et al., Defendants–Appellees.**

No. 02–5580.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

*ORDER*

Valentino Valentino, also known as Valentino Young, a Tennessee state prisoner, appeals pro se a district court order dismissing his civil rights action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Valentino filed this complaint against a number of state prison employees, his own family members and acquaintances, and several religious groups. The rambling and difficult to follow complaint contained allegations that the defendants had conspired to murder Valentino's father and others who tried to help Valentino challenge his conviction. The complaint also alleged that prison employees had confiscated a number of documents from Valentino's cell. The district court screened the complaint and sua sponte dismissed it as frivolous and for failure to state a claim. Valentino's brief on appeal is construed as raising the same claims presented below.

We conclude that the complaint in this case was properly dismissed as frivolous and for failure to state a claim, as it lacked any arguable basis in law or fact, *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and Valentino could prove no facts which would entitle him to relief. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

The dismissal will be affirmed for the reasons stated by the district court. Initially, the district court properly held that Valentino could not bring a civil rights action under § 1983 against private parties, such as many of the named defendants. *Brotherton v. Cleveland,* 173 F.3d 552, 567 (6th Cir.1999). Furthermore, the district court correctly noted that many of the allegations in the complaint would be barred by the one-year statute of limitations on civil rights actions filed in Tennessee. *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir.1986). Next, the district court pointed out that, to the extent the complaint could be construed as implying that Valentino's conviction was invalid, it was barred under the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Finally, ad-

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

dressing the allegation of the seizure of documents from Valentino's cell by prison employees, the district court correctly held that such a claim could not be made under § 1983 when there are adequate state law remedies available to address the alleged deprivation. *Copeland v. Machulis,* 57 F.3d 476, 479–80 (6th Cir.1995).

For all of the above reasons, the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.