**Brenda Lynn WOODS, Plaintiff-Appellant,**

v.

**State of TENNESSEE, Defendant-Appellee.**

**No. 02–6530.**

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

Before KEITH, BATCHELDER, and CLAY, Circuit Judges.

*ORDER*

Brenda Lynn Woods, a pro se Tennessee resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this

panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Woods sued the state of Tennessee regarding a series of law suits originally filed in the state courts of Tennessee. This action represents Woods's third federal complaint concerning an alleged conspiracy among attorneys that resulted in the dismissal of her state court actions. The district court dismissed the complaint as frivolous for several reasons.

In her timely appeal, Woods asserts that the district court should have acted in good faith and allowed her to prosecute the merits of her case. She also states that the district court failed to apply the law to the merits of her case, that the case is not frivolous, and that she is a victim of a conspiracy.

The district court's judgment is reviewed de novo. *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000).

The district court properly dismissed the complaint as frivolous. In Woods's first action, she sued multiple private attorneys and law firms which were engaged in the state court proceedings. That case was dismissed by the district court. In her second suit, Woods sued the presiding state court judge and the chief deputy clerk of the Tennessee Court of Criminal Appeals. Woods amended her complaint to add the private attorneys and law firms which she had named in her original federal action. The district court dismissed Woods's second cause of action for several reasons. Woods's current suit now seeks monetary relief from the State of Tennessee based on the dismissal of her prior state court actions.

As the district court noted, Woods's suit for monetary relief against the State of Tennessee is barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989): *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Berndt v. State of Tenn.,* 796 F.2d 879, 881 (6th Cir.1986). Therefore, as Woods's complaint is barred by the Eleventh Amendment, the district court did not err in dismissing the complaint as frivolous.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.