**CLD-197**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1341
_____

UCHENNA N. OBIANYO,
                            Appellant

v.

STATE OF TENNESSEE;
UNITED STATES DEPARTMENT OF STATE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:12-cv-5320)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 3, 2013)
_____

OPINION
_____

PER CURIAM

Uchenna Obianyo, proceeding pro se, appeals from the District Court's dismissal of his complaint. Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In his complaint, Obianyo alleges that he is a diplomat who has served as an attaché to the United States since 1989 and has never been paid his "diplomatic immunity stipend." He also claims that all of his belongings, including his personal identification documents, have been confiscated by the State of Tennessee and the United States government. Obianyo also asserts that the defendants have violated 18 U.S.C. §§ 1028 & 1343. As relief, Obianyo seeks $10 million in damages. The District Court sua sponte dismissed Obianyo's complaint without prejudice.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291[1] and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

---

[1] Generally, when a district court has dismissed a complaint without prejudice, the dismissal is not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or where the litigant declares an intention to stand on the complaint, whereupon the district court's order becomes final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). We read the statement attached to Obianyo's notice of

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may summarily affirm on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

The District Court properly dismissed Obianyo's complaint.  First, criminal statutes such as 18 U.S.C. § 1343, which criminalizes wire fraud, and 18 U.S.C. § 1028, which criminalizes fraud related to identification documents, provide no private right of action for use by a litigant such as Obianyo.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002).  Furthermore, the Eleventh Amendment "enacts a sovereign immunity from suit," precluding Obianyo's federal suit against Tennessee.  Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 267 (1997).  Tennessee has not consented to be sued in federal court.  See Berndt v. Tenn., 796 F.2d 879, 881 (6th Cir. 1986); see also Tenn. Ann. Code § 20-13-102(a).  Finally, to the extent that Obianyo asserts a breach of contract claim against the United States government, his claim must be brought in the United States Court of Federal Claims.  See 28 U.S.C. § 1491(a)(1); see also Anselma Crossing, L.P. v. USPS, 637 F.3d 238, 242 n.6 (3d Cir. 2011).

---

appeal as his declaration of intent to stand on the allegations contained in his complaint; accordingly, we may exercise jurisdiction over his appeal.

IV.

For the foregoing reasons, we will summarily affirm the District Court's

judgment.[2] <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.\

---

[2] Offering Obianyo leave to amend his complaint was not necessary under the circumstances presented here. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).