NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0047n.06

No. 09-2132

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 19, 2011**
LEONARD GREEN, Clerk

TIMOTHY D. MURPHY,

     Petitioner-Appellant,

v.

CARLA GRENIER, et al.,

     Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____ /

Before:     BATCHELDER, Chief Judge; MARTIN and SUTTON, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  Timothy D. Murphy, a Michigan prisoner proceeding pro se, appeals the district court's decision granting the defendants summary judgment as to his civil rights action filed pursuant to 42 U.S.C. § 1983.  We **AFFIRM** the decision of the district court.

**I. BACKGROUND**

Murphy sued fourteen prison officials at three Michigan prisons where he was incarcerated from 2004 to 2007.  At Standish Maximum Facility, he sued T. Valone, librarian; Mr. McIntire and Mr. Urban, property room workers; Frederick Winn, nurse; D. Svensen, nurse; and C. Berry and C. Sellers, mailroom clerks/general office assistants.  At Kinross Correctional Facility, he sued Carla Grenier, mailroom clerk; Brenda Bonnee and W. Hodges, mailroom clerks/general office assistants; and Gordon Newland, inspector.  At the Chippewa Correctional Facility, Murphy sued Cheryl Soeltner, Richard Cottle, and Randall Masker, mailroom clerks/general office assistants.

Murphy claims that the defendants opened his legal mail outside his presence, retaliated against him for filing grievances and legal proceedings, failed to promptly treat his back pain, and prevented him from sending a letter to the news media. A full recounting of the factual background is available in the magistrate judge's Report and Recommendation. After a de novo review, the district court accepted it in part and rejected it in part, and granted summary judgment for the defendants.

In this appeal, Murphy claims that the district court erred by granting summary judgment to the defendants regarding his legal mail claim, retaliation claim, medical claim, and news media mail claim. In addition, he claims that the district court abused its discretion by granting summary judgment to the defendants before he could engage in discovery, and by denying his motion to amend his complaint. Murphy has also moved for the appointment of counsel.

## II. ANALYSIS

### A. Motion for summary judgment

We review the district court's grant of summary judgment de novo. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### 1. Legal mail claim

Murphy claims that the district court erred in granting summary judgment to Grenier, Bonnee, and Hodges regarding his legal mail claim on the ground that he did not allege sufficient facts to establish their personal involvement in unlawfully opening his mail. Personal involvement

is necessary to establish section 1983 liability. *See, e.g.*, *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others"). Murphy's complaint alleges only that Grenier, Bonnee, and Hodges were employed as mailroom staff at two of the prisons where he was incarcerated and that mailroom staff at those prisons opened his legal mail on four occasions. In his Affidavit in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss and/or for Summary Judgment, Murphy alleges that Grenier, Bonnee, or Hodges opened, inspected, or read outside his presence his legal mail. Grenier, Bonnee and Hodges submitted affidavits stating that they did not do so or that they do not recall doing so, and Murphy failed to rebut these affidavits with any specific facts. Furthermore, as discussed below, Murphy did not make a proper request for discovery under Rule 56(d). It was proper for the district court to grant summary judgment when Murphy's opposing affidavit merely stated that someone had opened his mail, and concluded that it must have been Grenier, Bonnee, or Hodges. *See Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir .2004) (stating that "conclusory statements" unsupported by specific facts will not permit a party to survive summary judgment).

In *Berndt v. Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986), we remanded a case to permit a pro se plaintiff to amend his civil rights complaint to name as defendants staff and authorities of a state mental health institution, even though he had originally named only the state and the institution and alleged that unnamed individuals had violated his rights. We noted that the plaintiff had raised substantially cognizable claims in his complaint, and stated that the district court should closely scrutinize it before dismissing it in the pleading stage. *Id.* at 883. However, this case is at

the summary judgment stage rather than the pleading stage. Additionally, Murphy named specific individuals, but those individuals demonstrated that they were not involved. Thus, we **AFFIRM** the district court's decision granting summary judgment to the defendants regarding Murphy's legal mail claims.

**2. Retaliation Claim**

To state a claim of retaliation, a plaintiff must establish that: (1) he engaged in protected conduct; (2) he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Murphy claims that the district court erred in granting summary judgment to McIntire and Berry on his retaliation claim on the ground that he failed to establish a causal connection between his protected conduct and the adverse actions of the defendants.

Murphy claims that McIntire retaliated against him by depriving him of his television and typewriter because Murphy filed grievances and a lawsuit against other unidentified prison employees. He claims that Berry retaliated against him by preventing him from sending uncensored mail to the news media because Murphy informally complained about undelivered newspapers. Murphy's allegations against McIntire fail to satisfy the third prong of a retaliation claim because he does not allege specific facts linking the prior grievances against other unidentified prison personnel with McIntire's alleged actions. Furthermore, he concedes that he has offered no direct evidence of Berry's retaliatory motives and that his allegations are speculative. Bare allegations are

insufficient to establish a retaliation claim. *See id.* at 399. Thus, we **AFFIRM** the district court's grant of summary judgment to McIntire and Berry on Murphy's retaliation claim.

**3. Medical Claim**

Murphy claims that the district court erred in granting the defendants summary judgment on his Eighth Amendment claim. The Supreme Court has held that deliberate indifference to serious medical needs of prisoners states a cause of action under section 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). However, an inmate states a cognizable constitutional claim only if he makes a two-part showing including both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective element, a plaintiff must show that a prison official denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Under the subjective element, a plaintiff must show that a prison official acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834.

Murphy claims that the district court erred in holding that, under the objective prong, his back pain was not a serious medical need as a matter of law. Murphy alleges in his complaint and states in his affidavit that he was in extreme pain due to his back condition and that the defendants ignored his complaints for forty-five days. Under *Estelle*, which also involved inadequate treatment of a back injury, 429 U.S. at 99, Murphy presented sufficient evidence of an objectively serious medical condition to survive summary judgment.

Murphy claims that the district court erred in holding that he failed to establish deliberate indifference on the part of the defendants under the subjective prong. An examination of the medical records reveals that defendants responded to Murphy's complaint by examining him, giving him

Ibuprofen, giving him written information about caring for his back, and scheduling an appointment with the prison physician. Thus, the medical staff accorded Murphy adequate attention in the time frame of his complaint. Because Murphy failed to raise a genuine issue of material fact as to whether the defendants acted with deliberate indifference, we **AFFIRM** the district court's decision granting summary judgment to defendants on Murphy's medical claim.

**4. News Media Mail Claim**

Murphy claims that the district court erred in granting summary judgment to Berry and Seller on his claim that they violated his First Amendment rights by not allowing him to send confidential uncensored letters to the news media. There is a division of authority over whether an inmate has a constitutional right to send unmonitored letters to the news media. *Compare Smith v. Delo*, 995 F.2d 827, 831-32 (8th Cir. 1993) (inmates have no right to unmonitored communication with the news media), *and Gaines v. Lane*, 790 F.2d 1299, 1307 (7th Cir. 1986) (same), *with Burton v. Foltz*, 599 F. Supp. 114, 117 (E.D. Mich. 1984) (inmates have a constitutional right to have mail to members of the news media sent unopened). However, it is unnecessary for us to resolve this issue because even if this right exists, Murphy has failed to raise a genuine issue of material fact as to whether Berry and Seller interfered with his right to send the letter with the requisite state of mind.

Negligent interference with legal mail is not actionable under section 1983. *See, e.g.*, *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Murphy's letter was rejected the first time that he presented it due to lack of postage, then rejected a second time as improperly sealed segregation inmate mail. Murphy filed a grievance, and the Record Office Supervisor responded that the mail should have been sent out if addressed to the newspaper and that the mailroom staff should

be more careful in the future. Because Murphy has not raised a genuine issue of material fact as to whether Berry and Seller interfered with his right to send the letter with the requisite state of mind, we **AFFIRM** the district court's decision granting Berry and Sellers summary judgment on Murphy's news media mail claim.

**B. Claim That The District Court Prematurely Granted Summary Judgment**

Murphy argues that the district court erred by granting summary judgment before he could engage in discovery. We review for abuse of discretion the claim that the district court prematurely entered summary judgment because Murphy needed additional discovery. *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). Rule 56(d) provides that a party may oppose a motion for summary judgment by submitting an affidavit explaining why it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). The non-movant, however, has the burden of informing the district court of his need for discovery. *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996). Before the district court decides a summary judgment motion, "the non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f)[1] that details the discovery needed, or file a motion for additional discovery. If he does neither, this court will not normally address whether there was adequate time for discovery." *Abercrombie*, 280 F.3d at 627 (internal quotation marks and citation omitted). Here, although Murphy sent a signed document to the district court requesting an extension of time within which to respond to the defendants' motion for summary judgment, this document failed to meet the requirements of Rule

---

[1]Recent amendments to the rules moved the provisions formerly found in subdivision (f) to subdivision (d). Fed. R. Civ. P. 56 advisory committee's note (2010).

56(d) even under the more lenient standards applied to pro se litigants. Thus, we hold that the district court did not grant the defendants' summary judgment motion prematurely.

## C. Motion for Leave to Amend

Murphy claims that the district court erred in denying his motion for leave to amend. We review the district court's denial of a motion to amend for abuse of discretion. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999). Ordinarily, leave to amend a complaint or other pleading shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend should be denied if "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The defendants moved for summary judgment on June 2, 2008. Murphy filed his response on August 1, 2008, and did not seek leave to amend his complaint until January 20, 2009, over seven months after the defendants filed their dispositive motion. Thus, granting the motion to amend would have resulted in undue delay and prejudice. Numerous defendants would have been required to file answers to the amendment and resubmit their summary judgment motion in light of the amendment. Thus, we cannot say that the district court abused its discretion by denying Murphy's motion to amend his complaint.

## D. Motion for Appointment of Counsel

Because an appointment of appellate counsel is not necessary, we **DENY** the motion.

### III. CONCLUSION

We **AFFIRM** the decision of the district court.