NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0551n.06

No. 12-4071

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 05, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| IMAD ALSHAIBANI and TIFFANY BAILEY, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellants, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| LITTON LOAN SERVICING, LP, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellee. | ) | |

BEFORE:    BOGGS and COLE, Circuit Judges; and QUIST, District Judge.[*]

QUIST, District Judge.

Plaintiffs, Imad Alshaibani and Tiffany Bailey, appeal the district court's order dismissing their claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, we affirm the district court's order.

BACKGROUND

Plaintiffs' claims arise out of a mortgage loan they obtained in 2001. According to Plaintiffs' amended complaint, Plaintiffs obtained the loan from Magellan Mortgage Corp. on October 22, 2001. The mortgage has been assigned several times, and Plaintiffs believe that Wells Fargo Bank, N.A., is the current owner. At an unknown point in time, Litton Loan Servicing became the loan servicer. Plaintiffs allege that they made timely payments to Litton and, on more than one occasion,

_____

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

paid Litton an amount in excess of their regular monthly payment. Plaintiffs allege, upon information and belief, that Litton failed to apply their payments in the manner required by the mortgage. Plaintiffs further allege that Litton improperly charged them various fees, including "corporate fees," "forbearance suspense" fees, and late fees.

Plaintiffs sued Litton in Ohio state court, alleging several grounds for relief, including: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; (iii) unjust enrichment; (iv) negligent accounting; and (v) violation of the Ohio Consumer Sales Practices Act (OCSPA), Ohio Rev. Code § 1345.01 *et seq.* Plaintiffs' primary allegation was that Litton failed to apply their payments in the manner required by the mortgage. Litton removed the case to federal court on the basis of diversity jurisdiction and moved to dismiss the complaint or, in the alternative, for a more definite statement. In response, Plaintiffs filed an amended complaint, in which they added allegations that Litton improperly charged Plaintiffs certain fees. Litton again moved to dismiss for failure to state a claim or, in the alternative, for a more definite statement. The district court granted Litton's motion to dismiss, primarily on the basis that Plaintiffs failed to plead sufficient factual content to adequately support their claims. This appeal followed.

## DISCUSSION

We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). We must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs to determine whether the complaint establishes a valid basis for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). However, this rule does not apply to legal conclusions or unwarranted factual inferences. *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (second alteration in original).

1.      **Breach of Contract**

To prevail on a breach-of-contract claim under Ohio law, a plaintiff must allege "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss

to the plaintiff." *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994) (citing 2 Ohio Jury Instructions (1993)). The district court held that Plaintiffs' breach-of-contract claim fails to state a claim because Plaintiffs' allegations fail to establish that they had a contract with Litton and because the allegations regarding Litton's breach are merely vague legal conclusions that fall short of *Twombly*'s plausibility standard.

As an initial matter, the district court erred in concluding that Plaintiffs failed to allege the existence of a contract. Paragraph 20 of the mortgage provides, in relevant part[1]:

> If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

The district court held nothing in this provision renders the loan servicer a party to the note. Rather, the court concluded, this provision merely acknowledges the payee's right to sell the servicing rights separate from the ownership of the note. However, this analysis ignores the plain language stating that the loan servicer assumes the loan-servicing obligations if the loan is subsequently serviced by a party other than the purchaser of the note. Under these circumstances, Litton, as the assuming party, would be bound by the note and mortgage. *See Premier Capital, L.L.C. v. Baker*, 972 N.E.2d

---

[1]The district court properly considered the mortgage provision in deciding the motion to dismiss because the mortgage is central to Plaintiffs' claims and Plaintiffs attached a copy of the mortgage to their amended complaint. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." (citation omitted)).

1125, 1136 (Ohio Ct. App. 2012) ("It is well settled that an assignment does not cast any affirmative liability upon the assignee of the contract unless the assignee assumes those obligations.") (citations omitted); *see also* 6 Am. Jur. 2d Assignments § 128 (2013) ("An assignee is subject to the obligations imposed by the contract when he or she assumes those obligations, either expressly or impliedly." (footnotes omitted)).

Nonetheless, we conclude that the district court correctly determined that Plaintiffs' naked allegation that Litton "breached the terms of the Mortgage by, including but not limited to, failing to apply Plaintiff's [p]ayments in accordance with the terms of the [m]ortgage," is simply a legal conclusion couched as a factual allegation. As a practical matter, Plaintiffs' factually unadorned allegation that Litton misapplied their payments does no more to render their claim plausible than would a simple legal conclusion that Litton breached the mortgage. *See Iqbal*, 556 U.S. at 679.

**2.        Breach of the Implied Covenant of Good Faith and Fair Dealing**

The district court properly dismissed Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing because, under Ohio law, a breach-of-contract claim subsumes any claim for breach of the duty of good faith and fair dealing. *Lakota Local Sch. Dist. Bd. of Educ. v. Brickner*, 671 N.E.2d 578, 583–84 (Ohio Ct. App. 1996). Because Plaintiffs' breach-of-contract claim fails to state a claim, their claim for breach of the implied covenant of good faith and fair dealing likewise fails. Moreover, Plaintiffs' factual allegations under this claim are no less legal conclusions than their factual allegations for their breach-of-contract claim and, thus, provide no factual support for their deficient breach-of-contract claim.

### 3.      Unjust Enrichment

A claim for unjust enrichment arises when a party retains money or benefits that, in justice and equity, belongs to another. *Liberty Mut. Ins. Co. v. Indus. Comm'n of Ohio*, 532 N.E.2d 124, 125 (Ohio 1988). In their unjust-enrichment claim, Plaintiffs allege that they conferred benefits upon Litton by making certain payments in addition to the regular payments they owed under the mortgage, and that Litton retained the benefit of these payments by failing to apply them in accordance with the loan documents. This claim is simply a repackaging of Plaintiff's breach-of-contract claim and fails under *Twombly* and *Iqbal* for the same reasons. Therefore, the district court properly dismissed Plaintiff's unjust-enrichment claim.

### 4.      Negligent Accounting

Plaintiff's negligent accounting claim is the quintessential "the-defendant-unlawfully-harmed-me accusation" mentioned in *Iqbal*. 556 U.S. at 678. Plaintiffs allege the mere elements of a negligence claim—Litton owed Plaintiffs a duty to properly account for and apply their payments and Litton breached this duty, thereby causing Plaintiffs damage. Accordingly, the district court did not err in dismissing the negligence claim.

### 5.      OCSPA Claim

The district court dismissed Plaintiffs' OCSPA claim on alternate grounds. First, the court concluded that the transaction between Plaintiffs and Litton is excluded from the coverage under the OCSPA because the "consumer transaction" at issue is a mortgage contract with a bank. As such, the court reasoned, the transaction is excluded under Ohio Revised Code § 1345.01(A) as a

transaction between a financial institution and its customers. The district court further concluded that even if the OCSPA applies, Plaintiffs have failed to allege facts to establish a plausible claim that Litton violated the OCSPA.

The Ohio Supreme Court's recent decision in *Anderson v. Barclay's Capital Real Estate, Inc.*, __ N.E.2d __, 2013 WL 2097556 (Ohio May 14, 2013), is dispositive of Plaintiffs' OCSPA claim. The Ohio Supreme Court held in *Anderson* that servicers of residential mortgage loans are not covered by the OCSPA because loan servicing is not a "consumer transaction" under Ohio Revised Code § 1345.01(A), *see id.* at *3–4, and such entities are not "engaged in the business of effecting or soliciting consumer transactions" for purposes of Ohio Revised Code § 1345.01(C), *see id.* at *5–6. Therefore, Plaintiffs' claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order granting Litton's motion to dismiss.