NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0995n.06

No. 13-3308

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 21, 2013
DEBORAH S. HUNT, Clerk

ROBERT SLAYTON,                                  )
                                                 )
        Plaintiff-Appellant,                     )
                                                 )
v.                                               )
                                                 )
WELLS FARGO BANK N.A.,                           )
                                                 )   ON APPEAL FROM THE UNITED
        Defendant-Appellee                       )   STATES DISTRICT COURT FOR
                                                 )   THE SOUTHERN DISTRICT OF
and                                              )   OHIO
                                                 )
HERMAN JOHN KENNERTY,                            )
                                                 )
        Defendant.                               )

Before: DAUGHTREY, KETHLEDGE, DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. Robert Slayton defaulted on his home mortgage held by

Deutsche Bank National Trust Company. Wells Fargo serviced the loan for Deutsche Bank.

Deutsche Bank filed and won a foreclosure action against Slayton in Ohio state court. Slayton then

sued Wells Fargo and its employee, Herman Kennerty. Slayton claimed, among other things, that

Wells Fargo violated Ohio's Consumer Sales Practices Act (OCSPA) because Kennerty had

submitted a false affidavit in support of Deutsche Bank's motion for summary judgment in the

foreclosure action. The district court held that Ohio's witness-immunity doctrine barred Slayton's

OCSPA claim, and dismissed the rest of his claims on other grounds.

Slayton now appeals, challenging only the district court's dismissal of his OCSPA claim.

No. 13-3308
*Robert Slayton v. Wells Fargo Bank, NA, et. al.*

We review de novo a district court's grant of a motion to dismiss. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008). Slayton argues that the district court erred when it applied the witness-immunity doctrine to dismiss his OCSPA claim. We can affirm on any basis supported by the record. *EA Mgmt. v. JP Morgan Chase Bank, N.A.*, 655 F.3d 573, 575 (6th Cir. 2011).

The OCSPA prohibits unfair, deceptive, and unconscionable acts or practices by suppliers in consumer transactions. Ohio Rev. Code §§ 1345.02(A), 1345.03(A). In the district court, Wells Fargo argued that OCSPA does not apply to transactions between financial institutions and their customers, and that Wells Fargo itself was a financial institution. *See* Ohio Rev. Code § 1345.01(A). Although the district court did not reach the argument, it noted that "[t]here is some question as to whether the OCSPA applies to a financial institution" that, like Wells Fargo here, "operat[es] as a mortgage loan servicer." But the Ohio Supreme Court has now answered that question: for the purposes of the Act, "the servicing of a borrower's residential mortgage loan is not a 'consumer transaction'" and mortgage servicers are not "engaged in the business of effecting or soliciting consumer transactions[.]" *Anderson v. Barclay's Capital Real Estate, Inc.*, 989 N.E.2d 997, 1001, 1002-03 (2013); *see Alshaibani v. Litton Loan Servicing, LP*, 12-4071, 2013 WL 2436534 at *3 (6th Cir. June 5, 2013). Thus, the act does not apply to Wells Fargo's actions as a servicer of Slayton's loan, and his claim fails as a matter of law.

\*   \*   \*

The district's judgment is affirmed.