NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0631n.06

No. 14-2147

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>MICHAEL LETVIN; KEITH PHILLIPS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiffs-Appellants,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>On Appeal from the United States</td></tr>
<tr><td>v.</td><td>)</td><td>District Court for the Eastern</td></tr>
<tr><td></td><td>)</td><td>District of Michigan</td></tr>
<tr><td>JACK LEW, Secretary of Treasury;</td><td>)</td><td></td></tr>
<tr><td>SHAUN DONOVAN, Secretary of HUD;</td><td>)</td><td></td></tr>
<tr><td>FLAGSTAR BANK, FSB; BANK OF</td><td>)</td><td></td></tr>
<tr><td>AMERICA, N.A., Successor to BAC</td><td>)</td><td></td></tr>
<tr><td>Home Loans Servicing, L.P., fka</td><td>)</td><td></td></tr>
<tr><td>Countrywide Home Loans Servicing, L.P.,</td><td></td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td>Defendants-Appellees.</td><td></td><td></td></tr>
</table>

FILED
Sep 09, 2015
DEBORAH S. HUNT, Clerk

_____/

**Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.**

**RALPH B. GUY, JR. Circuit Judge.** Plaintiffs, Michael Letvin and Keith Phillips, sued defendant banks, Flagstar Bank and Bank of America, alleging foreclosure of their homes in violation of Michigan's foreclosure statute, federal housing statutes, and HUD guidelines. The District Court dismissed plaintiffs' complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim. We affirm.

## I.

Plaintiffs each received mortgage loans from defendant banks or defendant banks' successors in interest. Each plaintiff defaulted on his mortgage, and defendant banks commenced foreclosure by advertisement, each ultimately purchasing the homes at sheriff's sales for full credit bids.[1] Neither plaintiff redeemed his home during the six-month redemption period.

Plaintiffs instead filed the instant complaint alleging violation of various HUD servicing guidelines, attempting to form a class of persons whose homes were foreclosed upon by lenders' full credit bids, asserting a 42 U.S.C. § 1983 claim, and respectively seeking declaratory and equitable relief against government defendants and defendant banks. Defendant banks moved to dismiss, arguing that they fully complied with Michigan's foreclosure requirements and were not the proper defendants for a § 1983 claim. The District Court granted defendant banks' motion, denied plaintiffs' request to amend their pleadings, dismissed plaintiffs' case as to the government defendants for lack of prosecution, and denied plaintiffs' motion for reconsideration.

## II.

We review *de novo* the District Court's dismissal of plaintiffs' complaint for failure to state a claim, and "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012).

---

[1] A "full credit bid" refers to a bid for the full outstanding balance on a mortgagor's loan. *Love v. Lew*, No. 13-cv-14946, 2015 WL 93374, at *1 (E.D. Mich. Jan. 7, 2015).

However, we "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

MICH. COMP. LAWS § 600.3228 allows mortgagees to "fairly and in good faith" purchase foreclosed properties at a sheriff's sale. Failure to redeem property within six months of a sheriff's sale extinguishes a mortgagor's rights to the property. *See* MICH. COMP. LAWS § 600.3240(8); *Conlin v. Mortg. Registration Sys.*, 714 F.3d 355, 359 (2013). Filing suit does not toll the redemption period. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). To void a sheriff's sale after the redemption period, plaintiffs must show fraud or irregularity in the foreclosure process, without which "they would have been in a better position to preserve their interest in the property." *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012).

To state a § 1983 claim, plaintiffs must allege that defendants, while acting under color of state law, deprived them of a right guaranteed by the Constitution or federal law. *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). State action exists where there is such a "close nexus between the State and the challenged action . . . that the action . . . may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). Private conduct is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

We review *de novo* a District Court's denial of a motion to amend a pleading where such denial "is based on it being futile, or solely on the legal conclusion that the

amended pleading would not withstand a motion to dismiss . . . ." *V Cars, LLC v. Chery Auto. Co., Ltd.*, 603 F. App'x 453, 455 (6th Cir. 2015).

### III.

### A. Sheriff's Sales

Plaintiffs first seek to set aside their respective sheriff's sales, citing MICH. COMP. LAWS § 600.5801(1) for the proposition that they have five years from the date of sale to do so. Plaintiffs are mistaken. MICH. COMP. LAWS § 600.5801(1) governs a "defendant['s]" claim of title "by or through some deed made upon sale of the premises . . . by a sheriff upon a mortgage foreclosure sale . . . ." Plaintiffs do not claim title by way of the sheriff's sale, and § 600.5801(1) is thus inapplicable. Rather, plaintiffs must meet the *Kim* standard. As discussed *infra*, defendant banks' supposed "overbidding" at the sheriff's sales does not constitute fraud or irregularity. Nor was there fraud or irregularity in their alleged failure to follow HUD bidding guidelines, as these guidelines postdate the sheriff's sales and apply only to foreclosure sales "scheduled on or after February 1, 2015." U.S. DEP'T OF HOUSING AND URBAN DEVELOPMENT, MORTGAGEE LETTER 2014-24, INCREASING USE OF FHA'S CLAIMS WITHOUT CONVEYANCE OF TITLE PROCEDURES, at 1 (2014). Plaintiffs also failed to plead sufficient facts to support their claim that defendant banks violated then-effective HUD servicing guidelines, asserting only "a legal conclusion couched as a factual allegation." *Alshaibani v. Litton Loan Serv., LP*, 528 F. App'x 462, 465 (6th Cir. 2013). Nor can plaintiffs show prejudice, as they "admitted default, received notice of default, failed to show they had the funds to

outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property . . . ." *Colyer v. Fed. Home Loan Mortg. Corp.*, No. 13-10425, 2014 WL 1048009, at *5 (E.D. Mich. March 18, 2014) (collecting cases). Dismissal for failure to state a claim was appropriate.

### B. Overbidding

Defendant banks' full credit bids were above the fair market value of plaintiffs' homes. Plaintiffs argue such "overbidding" violates § 600.3228. This Court has declined to address such claims, stating that it is "not persuaded that making an other-than-market-value bid at a sheriff's sale constitutes fraud sufficient to set aside [a] foreclosure." *Rubin v. Fannie Mae*, 587 F. App'x 273, 276 (6th Cir. 2014). Contrary to plaintiffs' assertion that good faith requires mortgagees to make fair market value bids in order to promote homeownership, § 600.3228 makes no such demand. *See Bank of N.Y. Mellon Trust Co., N.A. v. Robinson*, No. 311724, 2013 WL 6690678, at *3 (Mich. Ct. App. Dec. 19, 2013) ("[I]t was not an 'injustice' for [mortgagee] to purchase the property for an amount equal to what the [mortgagors] owed on the property, and [mortgagee] did not violate MCL 600.3228."). The District Court properly dismissed this claim.

### C. 42 U.S.C. § 1983

Plaintiffs contend that defendant banks' full credit bids violated the Equal Protection Clause of the Fourteenth Amendment because defendant banks bid fair market value on other foreclosed homes, thus providing similarly situated mortgagors with different opportunities for redemption. Plaintiffs argue that defendant banks acted under

color of state law because they are regulated by federal banking law. We first note that federal banking law is not state law, and thus is not within the purview of the Fourteenth Amendment. Moreover, although Michigan law regulates the process, the foreclosure remedy is created by the contract between mortgagor and mortgagee. *See Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 26-27 (6th Cir. 1975). "Despite the existence of a statute to regulate foreclosure by advertisement in Michigan . . . no state action exist[s] for Fourteenth Amendment purposes . . . [and] creditors that pursue[] foreclosure [a]re not subject to constitutional restraints." *Ray v. Oakland Cnty. Drain Comm'n*, 115 F. App'x 775, 777 (6th Cir. 2004). Plaintiffs' Equal Protection claim is thus not cognizable under § 1983 for lack of state action, and the District Court rightly dismissed it.

### D. Pleading Amendment

Plaintiffs lastly fault the District Court for denying leave to again amend their complaint to cure any deficiencies. Though courts "should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), leave should be denied if it is sought in bad faith, would result in undue delay, or would be futile. *See Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011). Here, plaintiffs' counsel did not understand the deficiencies of his complaint, requesting that "somebody tell[] me what it is that we didn't say." Plaintiffs did not state what amendments they would make or how the amendments would satisfy pleading requirements, and many of their claims could not benefit from any amount of factual development or legal argument. The District Court properly denied leave to amend on grounds that it would be futile.

**AFFIRMED.**